NUMBER 13-05-234-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

_______________________________________________________


 

LOUIS J. COGNATA AND
MONA COGNATA,               Appellants,

 

                                           v.

 

R. W.
JOHNSON CONSTRUCTION COMPANY, 

INC., ET AL.,                                                          Appellees.

_______________________________________________________


 

                  On appeal from the 344th
District Court

                          of Chambers
County, Texas

_______________________________________________________


 

MEMORANDUM
OPINION

 

Before Chief
Justice Valdez and Justices Rodriguez and Garza

Memorandum
Opinion by Justice Garza

 








This cause is before
the Court on the record and briefs. 
Appellants= brief was received
and filed on September 21, 2005.  Upon
review, a panel of the Court found that the case had not been properly
presented in the brief filed by appellants. 
See Tex. R. App. P.
38.1.  On January 10, 2006, we issued an
order striking appellants= brief and requiring
that appellants file a new brief within 15 days.  The order included specific instructions
requiring that appellants present their issues and arguments clearly and
concisely in their brief.  See Tex. R. App. P. 38.1(h).      

On January 27, 2006,
appellants filed a first amended brief with this Court.  We have reviewed the first amended brief and
find that it suffers the same deficiencies as appellants= original brief.  We conclude that appellants= brief flagrantly
violates the rules of appellate procedure. 
See Tex. R. App. P.
39.8(a).      

Appellants= brief is exactly 50
pages in length.  See Tex. R. App. P. 38.4 (regarding length
of briefs). Appellants attempt to raise eight issues, which, as presented,
involve a total of 68 sub-issues.  The
brief is written in largely idiosyncratic shorthand, which renders the
arguments and issues practically incomprehensible. Tremendous effort is
required simply to understand many of the sentences in the brief because most
contain at least one of the Aacronyms@ that appear in the
table of acronyms on page Av@ of the brief.  In many instances, these so-called acronyms
are not acronyms at all.  Some are
numbers or strings of numerals.[1]  Others are Ainitialisms.@[2]  See Garner, Bryan A., A Dictionary of Modern Legal Usage 19
(2001).  

The second edition of
Bryan Garner=s manual on usage, A
Dictionary of Modern Legal Usage, provides an informative discussion
of these concepts:








[W]e should be aware
of the traditional distinction between the two types of abbreviated names.  An acronym is made from the initial
letters or parts of a phrase or compound term. 
One ordinarily reads or speaks it as a single word, not letter by letter
(e.g., radar = radio detection and ranging). 
An initialism, by contrast, is made from the initial letters or
parts of a phrase or compound term, but is usually pronounced letter by letter,
not as a single word (e.g., r.p.m. = revolutions per minute).

 

Id.    

As
noted above, various acronyms and initialisms, most of which are originals,
pervade appellants= brief.  Appellants also use numbers and strings of
numerals as abbreviated forms.  We do not
appreciate this heavy reliance on shorthand notation, nor do we find such
briefing proper under the rules of appellate procedure.  Garner=s manual on usage
expresses some critical views on the use of abbreviations in legal writing
which we find particularly well-suited to describe the deficiencies in appellants= brief:

Originally,
to be sure, abbreviations were intended to serve the convenience of the reader
by shortening names; with their use, cumbersome phrases would not have to be
repeated in their entirety.  The purported
simplifications actually simplified. . . 
Now, however, many writers seem to have lost sight of this goal:  they allow abbreviated names to proliferate
in their writing, which quickly becomes a system of hieroglyphs requiring the
reader constantly to refer to the original use of the term so that he will
understand the significance of the hieroglyphs. 
It may be thought that this kind of writing is more scholarly than
ordinary, straightforward prose.  It is
not.  Rather, it is tiresome and inconsiderate
writing; it betrays the writer=s thoughtlessness
toward the reader and a fascination with the insubstantial trappings of
scholarship.

Id. at 447.        








Appellants= brief is 50 pages of Adense and frustrating
prose@ primarily because of
appellants= extensive use of
abbreviated forms.  Id. at
19.  The brief does not provide a clear
and concise presentation of the issues and arguments.  See Tex.
R. App. P. 38.1(h).  Without the
use of abbreviated forms, we believe appellants= brief would greatly exceed the 50-page limit
specified for appellate briefs.  See Tex. R. App. P. 38.4.  These are flagrant violations of the
appellate rules of procedure.  See Tex. R. App. P. 38.9.

Given
that we have already afforded appellants a second opportunity to submit a brief
that substantially complies with the rules of procedure, an opportunity which
was unsuccessful, we now Astrike the brief,
prohibit the party from filing another, and proceed as if the party had failed
to file a brief.@   See Tex.
R. App. P. 38.9(a).  The rules of
procedure provide that if an appellant=s brief is not timely
filed but Aan appellee=s brief is filed, the
court may regard that brief as correctly presenting the case and may affirm the
trial court=s judgment upon that
brief without considering the record.@  See Tex.
R. App. P. 38.8(a)(3). 

 Appellees have filed a brief which we have
reviewed.  We affirm the judgment of the
trial court based on the presentation of the case given in appellees= brief.  See id.    

 

 

                                                   


DORI CONTRERAS GARZA,

Justice

 

Memorandum Opinion
delivered and 

filed this the 13th
day of April, 2006.

 

 











[1]  For instance, according to the table of
acronyms provided by appellants, A661@ means AOPR 94 239 661 County Recorded Easement.@  Another example is A4707,@ which means ABackfill and one 48@ culvert in RWJs= Natural Gully at 4707
Skyline Drive.@  These so-called acronyms are used throughout
appellants= brief.     





[2] One egregious example of
the many initialisms found in appellants= brief is ARWJSTRUCT,@ which means, ARWJs=4 CDPs and RWJ designed structures in Natural
Gully: Water Diversion Box, 192' long@ culvert (formerly the Water Diversion Box Flood
Zone B area), backfill in the Water Diversion Box flood zone B area, 48"
culvert series near 4707, RWJ Dam and 2 nearby roads, backfill, land bridges.@